IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Vanessa Miller, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:12-CV-16 |
| | ) |
| vs. | ) |
| | ) |
| Michael J. Astrue, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

O R D E R

This matter is before the Court on Magistrate Judge Bowman's Report and Recommendation of December 20, 2012 (Doc. No. 12) and the Commissioner of Social Security's objections to the Report and Recommendation. Doc. No. 13.  Judge Bowman's analysis of the Administrative Law Judge's ("ALJ") decision that Plaintiff is capable of performing a significant number of jobs available in the national economy, and therefore is not disabled under the Social Security Act, generally supported the ALJ's findings of fact and conclusions of law.  Judge Bowman determined, however, that there was an absence of evidence in the record concerning whether Plaintiff's need for weekly N-plate injections to treat chronic immune thrombocytopenia ("ITP"), a procedure which takes about two hours, could be scheduled in such a way to avoid excessive absenteeism.  Judge Bowman also determined that the ALJ failed to develop evidence with the vocational expert whether an employer would tolerate such absences from work or whether there are a significant number jobs available on different shifts that Plaintiff could perform without being absent from work.  Although characterizing it as a close question, Judge Bowman determined that the ALJ's finding of non-disability

was not supported by substantial evidence. Judge Bowman recommended reversing the ALJ's decision and remanding the case pursuant to Sentence Four of 42 U.S.C. § 405(g) to further develop the record on two issues: 1) whether Plaintiff can obtain her N-plate injections during non-work hours, and if not; 2) whether employers would accommodate Plaintiff's absences from work to receive treatment. The Commissioner objects to this recommendation, arguing that Plaintiff's treating physician refused to opine about absenteeism and the medical expert testified that Plaintiff's N-plate injections could be scheduled during non-work hours. In other words, according to the Commissioner, the record already establishes that Plaintiff's weekly N-plate injections would not cause excessive absenteeism, and, therefore, the ALJ's decision was supported by substantial evidence. For the reasons that follow, the Commissioner's objections are not well-taken and are **OVERRULED.** The Court **ADOPTS** the Report and Recommendation. The ALJ's decision is **REVERSED** and this case is **REMANDED** to the ALJ pursuant to Sentence Four of 42 U.S.C. § 405(g) for further proceedings consistent with this order.

     The relevant statute provides the standard of review to be applied by this Court in reviewing decisions by the ALJ. See 42 U.S.C. § 405(g). The Court is to determine only whether the record as a whole contains substantial evidence to support the ALJ's decision. "Substantial evidence means more than a mere scintilla of evidence, such evidence as a reasonable mind might accept as adequate to support a conclusion." LeMaster v. Secretary of Health & Human Serv., 802 F.2d 839, 840 (6th Cir. 1986) (internal citation omitted). The evidence must do more than create a suspicion of the

existence of the fact to be established.  Id.  Rather, the evidence must be enough to withstand, if it were a trial to a jury, a motion for a directed verdict when the conclusion sought to be drawn from it is one of fact for the jury.  Id.  If the ALJ's decision is supported by substantial evidence, the Court must affirm that decision even if it would have arrived at a different conclusion based on the same evidence.  Elkins v. Secretary of Health & Human Serv., 658 F.2d 437, 439 (6th Cir. 1981).  "[W]hen an ALJ's factual findings are not supported by substantial evidence, the appropriate remedy is not to award benefits.  The case can be remanded under sentence four of 42 U.S.C. § 405(g) for further consideration."  Newkirk v. Shalala, 25 F.3d 316, 318 (6th Cir. 1994) (internal quotation marks omitted).  The district court reviews de novo a magistrate judge's report and recommendation regarding social security benefits claims.  Ivy v. Secretary of Health & Human Serv., 976 F.2d 288, 289-90 (6th Cir. 1992).  The Court finds no error in Magistrate Judge Bowman's Report and Recommendation.

SSR 96–8p requires the ALJ to consider "[t]he effects of treatment, including limitations or restrictions imposed by the mechanics of treatment (e.g., frequency of treatment, duration, disruption to routine, side effects of medication) [.]"  A claimant is disabled under the Social Security regulations if her impairment would cause excessive absenteeism from work.  E.g.. Jones v. Sec. Health & Human Serv., No. 84-5376, 1985 WL 12990, at *3 (6th Cir. Feb. 8, 1985) (remanding the case to the ALJ to adduce vocational expert testimony as to whether there are jobs available where an employer would tolerate frequent absenteeism).  It is not disputed that Plaintiff's weekly N-plate injections take about two hours to complete.  Contrary to the Commissioner's argument, the Court finds that the medical expert did not testify that Plaintiff could schedule her N-

plate injections so as not to interfere with normal work hours.  Rather, the medical expert testified that Plaintiff could receive her N-plate injections on Fridays in order to allow sufficient time to recover from the side effects of the injections over the weekend. Tr. 65.  The medical expert's testimony does not indicate, however, that Plaintiff could receive those injections at a time on Friday that would otherwise not interfere with normal working hours.

Similarly, the vocational expert's testimony as to whether an employer would tolerate weekly absences from work so that Plaintiff could receive her N-plate injections was ambiguous.  The vocational expert testified that such absences would not be a "normal procedure" and doubted that they would be allowed by an employer unless as a reasonable accommodation.  Tr. 74-75.  This testimony is in contrast to the vocational expert's testimony in Sias v. Sec. of Health & Human Serv., 861 F.2d 475, 480 (6th Cir. 1988).  There, the Court concluded that the ALJ's decision that the plaintiff was not disabled from performing sedentary work due to thrombosis was supported by substantial evidence.  The Court determined that there were a substantial number of sedentary jobs the plaintiff could perform despite his need to frequently elevate his leg based on the vocational expert's testimony that, in his experience, employers try to accommodate employees with restrictions and cited as an example an employer who hired a person in a wheelchair.  Id. at 480-81.

As can be seen, in this case, the vocational expert's testimony was much more equivocal than the expert's testimony in Sias, and, indeed, arguably could be construed as indicating that an employer would not accommodate Plaintiff's absences from work for her N-plate treatments.  In any event, the Court agrees with Magistrate Judge

4

Bowman that the ALJ did not fully develop the record on this aspect of Plaintiff's claim. While the ALJ rejected as "speculative" Plaintiff's contention that she could not schedule her N-plate injections at a time that would not interfere with full-time employment, it is logical to presume that she would only be able to obtain this treatment during normal working hours.  The Court, therefore, concurs with Judge Bowman that the ALJ's determination that Plaintiff is not disabled was not supported by substantial evidence.

Accordingly, the Commissioner's objections to the Report and Recommendation are not well-taken and are **OVERRULED**.  The Court **ADOPTS** the Report and Recommendation.  The ALJ's decision is **REVERSED** and this case is **REMANDED** to the ALJ pursuant to Sentence Four of 42 U.S.C. § 405(g) for further proceedings consistent with this order.

**IT IS SO ORDERED**

Date January 30, 2013                         s/Sandra S. Beckwith
                                                             Sandra S. Beckwith
                                                  Senior United States District Judge